**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY TAYLOR, | ) | CASE NO. 1:21-CV-00163-JDA |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL |
| v. | ) | ARMSTRONG |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | **MEMORANDUM &** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |

**I.     INTRODUCTION**

Defendant Costco Wholesale Corporation ("Costco") filed a Motion for Summary Judgment on Plaintiff Kimberly Taylor's ("Taylor") Complaint. (ECF Doc. No. 15). This matter is before me by consent of the parties under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF Doc. No. 8). For the reasons set forth below, Costco's Motion for Summary Judgment is GRANTED, and Taylor's Complaint is DISMISSED with prejudice.

**II.    PROCEDURAL HISTORY**

Taylor filed a negligence Complaint in the Cuyahoga County Court of Common Pleas on December 30, 2020. (ECF Doc. No. 1-2, PageID # 8). Costco filed a notice of removal in this Court on January 21, 2021, on the basis of diversity jurisdiction. (ECF Doc. No. 1). After a period of discovery, Costco filed a Motion for Summary Judgment. (ECF Doc. No. 15). Taylor filed a brief in opposition, and Costco filed a reply. (ECF Doc. Nos. 17, 18). The parties presented oral arguments on February 24, 2022, via video conference (ECF non-document entry dated 02/24/2022). The matter is now ripe for review.

### III. BACKGROUND

#### A. Taylor's Negligence Complaint

According to Taylor's Complaint, Taylor and her husband went shopping at Costco on July 17, 2020. (ECF Doc. No. 1-2, PageID # 10). As they were exiting the store, Taylor slipped and fell on a "wet, spongy food and/or liquid substance" near the checkout lines. (*Id.*). This caused Taylor to fall onto her left hand and both knees. (*Id.*). As a result of the fall, Taylor suffered "a sprained left thumb, sprained right big toe, a pulled muscle in her lower back and an overstretched/laxed ligament in her right knee." (*Id.* at PageID # 11). Taylor alleged that there were no warning signs in the area prior to her fall, and that Costco failed to "keep the floor clean and clear of foreign debris[.]" (*Id.*). Taylor alleged that, as a result of Costco's negligence, she experienced pain and suffering, and incurred over $25,000 in damages. (*Id.* at PageID # 11-12).

#### B. Taylor's Deposition Testimony

Defense counsel deposed Taylor on October 29, 2021. (ECF Doc. No. 16-1, PageID # 73). Pertinently, Taylor testified as follows:

> Q: [D]o you know what caused you to slip, like what was on the floor?
>
> A: I'm still unsure of what it was. My best guess is that it was some type of really wet food item.
>
> Q: Do you know how it came to be [on] the floor?
>
> A: I do not know.
>
> Q: Do you know how long it had been there?
>
> A: I do not know that.
>
> Q: All right. Do you know whether or not anybody at Costco knew it was there when you slipped?
>
> A: At the time of the incident, they stated that they didn't see anything on the floor.

(*Id.* at PageID # 77). Defense counsel then showed Taylor a photograph that Taylor's husband

took of the substance Taylor slipped on, to which Taylor testified as follows:

> Q: Does that depict the condition or whatever it was that you stepped on that caused you to fall?
>
> A: Yes.
>
> Q: And we don't know what that is?
>
> A: No.
>
> Q: And we don't know how it got there?
>
> A: No.
>
> Q: And we don't know how long it had been there, right?
>
> A: Correct.

(*Id.*). Taylor also testified that she sought medical treatment three days after the incident, was given Ibuprofen and a brace for her leg, had no fractures or dislocations, and was later diagnosed with a contusion to the right knee. (*Id.* at PageID # 79-80).

### C. Costco's Motion for Summary Judgment

#### 1. *Costco's Arguments*

On December 10, 2021, Costco moved for summary judgment. (ECF Doc. No. 15). Costco argued that Taylor's negligence claim fails as a matter of law because: (1) there is no evidence that Costco created the condition that caused Taylor to fall; and (2) Costco did not have actual or constructive knowledge of the condition that caused Taylor to fall. (*Id.* at PageID # 66-67). In support of its motion, Costco relied upon the allegations contained in Taylor's Complaint, as well as Taylor's deposition testimony. (*See* ECF Doc. No. 15).

Having reviewed Costco's Motion for Summary Judgment and its attachments, I conclude that Costco meets its initial summary judgment burden under Rule 56 of the Federal Rules of Civil Procedure.

### 2. *Taylor's Brief in Opposition*

Taylor filed her brief in opposition to Costco's Motion for Summary Judgment on January 7, 2022. (ECF Doc. No. 17). In it, she argued that: (1) Costco should have "reasonabl[y] ascertained and should have reasonably anticipated the hazard which caused [her] injury[;]" and (2) the fact that a Costco employee cleaned up the substance after her fall demonstrates that Costco was responsible for the hazardous condition. (*Id.* at PageID # 91-92). Taylor also argued that no employees or patrons were traversing the immediate area just prior to her fall, and that a nearby Costco employee had a towel, which shows that Costco had constructive knowledge of the hazardous condition. (*Id.* at PageID # 93) In support of her brief in opposition, Taylor relied solely upon her own affidavit. (*Id.* at PageID # 96).

Having reviewed Taylor's brief in opposition to Costco's Motion for Summary Judgment and its attachment, I conclude that Taylor has not met her reciprocal burden under Rule 56 of the Federal Rules of Civil Procedure.

## IV. LAW & ANALYSIS

### A. Summary Judgement Standard of Review

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed. R. Civ. P.

56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347. The nonmoving party must designate specific facts or evidence in dispute, and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

B. **Negligence Law**

As previously noted, Taylor asserted a negligence claim against Costco on the basis that Costco failed to "keep the floor clean and clear of foreign debris," which caused her slip, fall, and sustain injuries. (ECF Doc. No. 1-2, PageID # 11). To establish a negligence claim under Ohio law, a plaintiff must allege: (1) the existence of a legal duty; (2) the breach of that duty; and (3) harm proximately caused by the breach. *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).

Here, there is no dispute that Taylor was a business invitee at Costco on the day of the incident. As a business invitee, Costco owed Taylor a duty to exercise ordinary care in maintaining its premises in a reasonably safe condition "so that its customers are not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St. 3d 203, 480

N.E.2d 474 (1985). "A shopkeeper is not, however, an insurer of the customer's safety[,]" and "is under no duty to protect business invitees from dangers 'which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'" *Id.* at 203-04 (quoting *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus).

For Taylor to recover for an injury caused by a hazard on Costco's premises, Taylor must show that: (1) Costco, through its officers or employees, was responsible for the hazard; (2) at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or (3) such danger had existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to want of ordinary care. *Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 589, 49 N.E.2d 925 (1943).

C. **Analysis**

Taylor's negligence claim fails as a matter of law because she has not established that a genuine issue of material fact exists regarding whether Costco breached its duty of care. Taylor testified that – aside from it being a wet substance – she did not know what she slipped on, how it got there, how long it had been there, or whether Costco knew about it prior to her fall. (ECF Doc. No. 16-1, PageID # 77). *See Kern v. P.F. Chang's China Bistro, Inc.*, No. 1:13-CV-1503, 2014 WL 4656379, at *6 (N.D. Ohio Sept. 16, 2014) (granting summary judgment in favor of the defendant where the plaintiff testified at her deposition that she slipped on an unknown liquid, but did not know how it got there, how long it had been there, or whether the defendant was aware of the substance prior to her fall). Moreover, Taylor's speculation that Costco was aware of the hazard because a nearby employee had a towel – which that employee used to clean up the substance after Taylor's fall – does not create a genuine issue of material fact. *See Gooden v. City of Memphis Police Dep't*, 67 F. Appx. 893, 895 (6th Cir. 2003) ("Conclusory allegations, speculation, and

6

unsubstantiated assertions are not evidence, and are not enough to defeat a well-supported motion for summary judgment."). Taylor, therefore, has not met her burden of establishing that a genuine issue of material fact exists as to whether Costco breached its duty of care. As a result, Costco is entitled to judgment as a matter of law.

## V. CONCLUSION

Based on the foregoing, Costco's Motion for Summary Judgment is GRANTED, and Taylor's Complaint is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: 9/27/2022

s/Jennifer Dowdell Armstrong
Jennifer Dowdell Armstrong
U.S. Magistrate Judge